## STATE OF FLORIDA v TAYLOR
### Case Nos. 31224-LN and 31225-LN
County Court, Volusia County

April 8, 1986

### APPEARANCES OF COUNSEL

**John V. Doyle,** Assistant State Attorney, for plaintiff.
**Michael H. Lambert** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's motion to dismiss pursuant to Rule 3.190(c)(2) in that the defendant is being charged with an offense which he previously has been placed in jeopardy.

The defendant is charged with driving while under the influence of alcoholic beverages.

On March 17, 1986, a jury was selected and sworn to try the case.

The first witness called by the State was Officer Bramlitt, the arresting officer. After proving that the officer made a lawful stop of the defendant and administered a field sobriety test, which in the opinion of the officer, the defendant failed, Officer Bramlitt arrested the defendant for driving while under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

The Assistant State Attorney, John Doyle, then asked the witness whether a breathalyzer test was run on the defendant, to which she replied in the affirmative.

The very next question was:

"And what were the results?"

(Officer Bramlitt was not the breathalyzer operator.)

The attorney for the defendant, Michael Lambert, immediately objected to the question and the jury was excused from the courtroom.

Mr. Lambert then asked for a mistrial and dismissal of the prosecutorial misconduct.

It was disclosed that the breathalyzer operator, Officer Krakowski, was no longer with the Daytona Beach Police Department, that he was now with the FBI outside the State of Florida. (It was later asserted by Mr. Doyle that Officer Krakowski was with the drug enforcement agency and stationed in Miami.)

Mr. Doyle admitted that prior to the trial he knew of the unavailability of Officer Krakowski, but claimed that the results of the breath test were admissible in evidence without laying the proper predicate because this question was litigated in the Appellate Courts which held that the Daytona Beach Police Department did not give an erroneous implied consent warning when they informed the defendant that he did not have a right to refuse to submit to a breath test and further that he, Mr. Doyle, proposed to proffer the predicate to the introduction of the results of the breath test under the public records exception to the hearsay rule.

In *State v. Young, et al.*, 11 FLW, January 3, 1986 (Fla. 5th DCA), the Fifth DCA only held that the Daytona Beach Police Department's implied consent warning was not improperly merely because it said that the defendant did not have the right to refuse to take the breath test. The Appellate Court did not waive or excuse the State from laying the other essential predicates for the introduction of the breath tests.

In *State v. Bender*, 382 So.2d 697, the Supreme Court of Florida said:

"The tests results (breath test), are admissible in evidence *only* upon compliance with the statutory provisions and administrative rules enacted by its authority (cases cited) . . . a defendant may in any proceedings attack the reliability of the testing procedures, the qualifications of the operator and the standards establishing the zones of intoxicant levels."

Chapter 10 D-42 of the Rules of the Department of Health and Rehabilitative Services set forth all the requirements necessary before a breath testing machine can be used and the proper procedure for the operating of the machine by the certified operator before the results of the test can be offered into evidence.

Among one of the requirements of the administrative rule is to require the person administering the test to make certain that the subject taking the test does not take anything by mouth or has not regurgitated for at least twenty minutes before administering the test (Rule 10-D-42. 24(f)).

Therefore the proffer of the predicates necessary to administer results of the tests under the public records exception to the hearsay rule is inapplicable.

Section 90.803(8) Florida Statutes states that records, reports, statements reduced to writing or other data compilations of the office or agency, or matters observed pursuant to duty imposed by law as to matters that there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, are admissible in evidence.

As can be seen from a reading of the above section, Officer Krakowski's requirement to observe the defendant for twenty minutes and what he observed prior to giving the test would not be admissible in evidence under the public records exception to the hearsay rule.

Clearly then the question propounded by Mr. Doyle to the witness was improper and prejudicial to the defendant and Mr. Doyle knew it. One can excuse a novice Assistant State Attorney unfamiliar with the rules of evidence in a DWI case, but with Mr. Doyle's admission of twelve years experience as an Assistant State Attorney, such question was inexcusable and was in the opinion of the Court a deliberate, and calculated intent to declare a mistrial so that he could secure the attendance of Officer Krakowski at a later date.

In *Oregon v. Kennedy*, 456 U.S. 657, 72 L. Ed. 102 Supreme Court

133

2083, the Supreme Court of the United States held that double jeopardy arises when the conduct of the prosecutor giving rise to a successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

It is therefore,

ORDERED AND ADJUDGED that the Motion for Dismissal with prejudice, be and the same, is hereby granted and the defendant shall go hence without day.